# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRAVIS LEMARR GREER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-14-708-M |
| JANET DOWLING et al., | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Travis Lemarr Greer, appearing pro se, brings this federal civil rights action under 42 U.S.C. § 1983. Chief United States District Judge Vicki Miles-LaGrange has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b). The matter is now before the court on Plaintiff's motion for preliminary injunctive relief (Doc. No. 2).

BACKGROUND

Mr. Greer is incarcerated at James Crabtree Correctional Center ("JCCC") in Helena, Oklahoma. Compl., Doc. No. 1, at 1. Concurrently with his Complaint, Mr. Greer filed a "Motion for TRO/Preliminary Injunction," seeking an order that JCCC's Warden, Defendant Janet Dowling, "not transfer or otherwise retaliate against [Mr. Greer], due to this lawsuit." *See* Pl.'s Mot. TRO/Prelim. Inj., Doc. No. 2, at 1.[1] In

---

[1] Citations to documents filed with the Court use the page numbers assigned by the Court's electronic filing system. When quoting documents filed by Mr. Greer, who generally writes in uppercase letters, the undersigned has altered the capitalization to improve readability.

support of his request, Mr. Greer states that he "has already been retaliated against by Defendants." *Id.* More specifically, Mr. Greer asserts, "On 17 April 2014, Food Services Manager, [Defendant] Kelli Curry told [Mr. Greer] that he was being removed from his job in Food Services, and she had discussed it with [Defendant] Dowling." *Id.* Mr. Greer asserts that he "had done nothing wrong" and that "Defendant Curry did not state any reason for this action." *Id.* Mr. Greer notes that the action was taken "shortly after [he] submitted complaints and a grievance about being denied a religious 'kosher' diet." *Id.*

Mr. Greer further asserts that "prison officials at [JCCC] have a long and well known history of retaliation against inmates who file grievances or lawsuits. Former [JCCC] inmates have filed suits alleging retaliation in this Court . . . ." *Id.* (citing *Parker v. Troutt*, No. CIV-11-197-D, 2012 WL 3571322 (W.D. Okla. May 31, 2012); *Miskovsky v. Jones*, No. CIV-08-123-HE, 437 F. App'x 707 (10th Cir. 2011); *Worthen v. Okla. Dep't of Corr.*, No. CIV-07-687-R, 2007 WL 4563665 (W.D. Okla. Dec. 7, 2007)). Finally, Mr. Greer expresses particular concern that he could be transferred from JCCC during the officials' preparation of a special report, "at a time during which [he] will not be allowed to file anything in his case." *See id.* at 2. Thus, Mr. Greer requests "a prompt ruling," particularly "before issuing an order requiring a special report." *Id.*

Approximately six weeks later, Mr. Greer filed a "Notice of Retaliation," which the undersigned construes as a supplement to Mr. Greer's motion seeking preliminary injunctive relief. *See* Pl.'s Notice, Doc. No. 8, at 1 (referencing pending motion for preliminary injunctive relief). Mr. Greer asserts that this Notice presents a "chronology of events from which retaliation may be inferred." *Id.*

2

Mr. Greer alleges that, on four occasions after he filed his Complaint, he was inexplicably not selected to move from a bunk bed in the dayroom to a long-term housing placement, while other inmates who had waited less time for such placement received it. *Id.*; *see also* Compl. at 11-12 (alleging placement in dayroom was retaliatory). Mr. Greer further alleges that Defendant Dowling visited the dayroom and stated to Mr. Greer: "'Well, you have electric, you have your T.V., you have cable, and you have your fan, and you are in A.C., what more can you ask for?'" Pl.'s Notice at 2. Mr. Greer asserts that "this was clearly an intimidation tactic." *Id.*

Mr. Greer alleges that an unexplained 23-day delay in returning him to his kosher diet in August 2014, after a 120-day suspension of the diet, provides evidence that Defendant Jay Drawbridge retaliated against him. *Id.*; *see also* Compl. at 7-10 (alleging federal rights violations related to religious diet suspension). Mr. Greer also alleges that Defendants Dowling and Mark Knutson returned grievance-related documents unanswered to Mr. Greer in July and August 2014, citing unspecified defects in Mr. Greer's Grievance Restriction Affidavit, but Mr. Greer contends that no defects can readily be identified. Pl.'s Notice at 2-3; *see also* Compl. at 13-17 (alleging violations of state and federal rights in connection with grievance process). Mr. Greer further alleges that Defendant Felicia Harris, a law librarian at JCCC, has not adhered to various Oklahoma Department of Corrections policies related to legal resources for inmates; "has consistently engaged in delay tactics"; "has been aggressively hostile and antagonistic"; and "has been providing false legal information to [Mr. Greer]." Pl.'s Notice at 3;

Compl. at 3; *see also* Compl. at 14 (discussing general difficulties associated with alleged inaccessibility of legal resources).

Mr. Greer asserts that a Warden's Assistant, who is not a defendant in this matter, remarked to Mr. Greer that Mr. Greer's collection of legal papers "looked excessive" and further stated, "'I'll be back.'" Pl.'s Notice at 3. Mr. Greer asserts that "this was clearly an intimidation tactic and a threat that he might come s[ei]ze all of [Mr. Greer's] legal papers." *Id.* Finally, Mr. Greer alleges that when he "goes through the Chow Hall to rec[ei]ve his meals, [Defendant] Curry . . . now glares at him and makes depreciating gestures." *Id.*

To date, no Defendant has filed a response to Mr. Greer's Motion.[2]

ANALYSIS

Preliminary injunctive relief is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). *See generally* Fed. R. Civ. P. 65(a)-(b). The plaintiff must establish, among other factors, "that he is likely to suffer

---

[2] To the extent Plaintiff seeks a temporary restraining order without notice to Defendants, he is required to certify "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). It is unclear whether Mr. Greer served this Motion upon any Defendant. In the Motion's Certificate of Mailing, Mr. Greer "certif[ies] that a true and correct copy of the [Motion] was served on the Defendants at the same time as the summons and a copy of [his] civil rights Complaint." Pl.'s Mot. TRO/Prelim. Inj. at 2. However, at the time he filed the Motion—in July 2014—Mr. Greer had not yet served the Complaint and summons on any Defendant in this matter because he had not been permitted by the Court to do so. *See* Order of August 25, 2014, Doc. No. 9 (requiring service and special report).

irreparable harm in the absence of preliminary relief."[3] *See Winter*, 555 U.S. at 20. To meet the "irreparable harm" requirement, the plaintiff must establish that an injury is both imminent and not theoretical. *See Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003). Such an injury must be beyond "merely serious or substantial" and, generally, one for which an adequate monetary remedy is unavailable. *See id.*; *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001).

As noted, Mr. Greer seeks an order that JCCC's Warden, Defendant Janet Dowling, "not transfer or otherwise retaliate against [him], due to this lawsuit." *See* Pl.'s Mot. TRO/Prelim. Inj. at 1. However, Mr. Greer does not allege sufficient facts to infer, much less present evidence to establish, that he will suffer irreparable harm absent the requested injunction. That is, although in his Motion and Notice, Mr. Greer alleges that he believes he is suffering or may suffer *harm* from one or more Defendants' or non-defendants' alleged conduct, Mr. Greer's allegations simply do not meet the standard for *irreparable* harm—i.e., imminent, nontheoretical harm that is beyond merely serious or substantial.

For instance, Mr. Greer asserts that he was removed from his prison job in retaliation for using the grievance process at JCCC, but Mr. Greer presents no allegation

---

[3] "[C]ourts have consistently noted that [b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (second alteration in original) (internal quotation marks omitted). Other factors a plaintiff must establish include "that he is likely to succeed on the merits," "that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20.

that this alleged, improper termination is causing or will imminently cause him to suffer harm that could not be remedied through money damages. Similarly, Mr. Greer asserts that he has been deliberately excluded from receiving a long-term housing placement but presents no allegation that his living arrangements in the dayroom are causing or will imminently cause any harm—much less irreparable harm. Mr. Greer alleges that his return to his religious diet was impermissibly delayed, which could potentially qualify as irreparable harm; however, Mr. Greer does not assert any ongoing or imminent denial of this religious diet that would be remedied by the issuance of his requested injunction or a temporary restraining order.[4] Mr. Greer alleges that Defendants have hindered or obstructed his efforts to use the grievance process and his efforts to access legal resources, but he presents no allegation or evidence from which the undersigned may reasonably infer that Mr. Greer is facing irreparable harm absent the Court's intervention in those matters.

---

[4] In his Complaint, Mr. Greer challenges the constitutionality of certain provisions of the Oklahoma Department of Corrections' religious diet policy, including provisions that permit a prisoner's religious diet to be suspended when the prisoner violates the tenets of such a diet. *See* Compl. at 9-10. Mr. Greer "asks the Court to conduct a reasonableness test . . . under *Turner v. Safley*," 482 U.S. 78 (1987), and to "then grant a preliminary injunction to prevent irreparable injury." Compl. at 10. Mr. Greer does not, however, raise this matter in his Motion or his Notice, which instead focus on allegations of retaliatory conduct by Defendants. *See* Pl.'s Mot. TRO/Prelim. Inj. at 1-2; Pl.'s Notice at 1-4. Regardless, Mr. Greer makes clear in his Notice that any suspension of his religious diet has been lifted, and he does not allege any imminent, nontheoretical future suspension. *See* Pl.'s Notice at 2. Thus, to the extent that he is seeking preliminary injunctive relief as to the challenged provisions of the Department of Corrections' religious diet policy, he has failed to establish the requisite irreparable harm. *See Heideman*, 348 F.3d at 1189.

Put another way, Mr. Greer fails to show that an adequate monetary remedy is unavailable for any alleged harm. *See Heideman*, 348 F.3d at 1189; *Prairie Band of Potawatomi Indians*, 253 F.3d at 1250. Mr. Greer's citation of past cases in which inmates *alleged* retaliation by prison officials at JCCC does not establish that Mr. Greer actually faces any injury that is imminent and not theoretical.[5] *See Heideman*, 348 F.3d at 1189. Because Mr. Greer has not established that he is likely to suffer irreparable harm in the absence of preliminary injunctive relief, he has failed to clearly show that he is entitled to such relief. *See Winter*, 555 U.S. at 20, 22.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's "Motion for TRO/Preliminary Injunction" (Doc. No. 2) be denied.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by February 20, 2015, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to

---

[5] Although Mr. Greer refers broadly to allegations of retaliation in other cases against "prison officials at [JCCC]," Defendant Felicia Harris is the only common defendant in this civil action and the other cases cited by Mr. Greer, and the undersigned's review reflects that Ms. Harris was not ultimately held liable for retaliation in any of the other cases. *See Parker v. Troutt*, No. CIV-11-197-D (W.D. Okla. filed Feb. 24, 2011); *Miskovsky v. Jones*, No. CIV-08-123-HE (W.D. Okla. filed Feb. 4, 2008); *Worthen v. Okla. Dep't of Corr.*, No. CIV-07-687-R (W.D. Okla. filed June 19, 2007).

appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not terminate the referral in the present case.

ENTERED this 30th day of January, 2015.

/s/ Charles B. Goodwin

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE